Throop *et al.* v. Sherwood.

HOSEA B. THROOP *et al.*, appellants, v. REUBEN R. SHER-
WOOD, appellee.

*Appeal from Lake.*

It is a well settled principle, that while a contract continues executory, the
plaintiff must declare specially; but when it has been fully performed on his
part, and nothing remains to be done under it but the payment of the com-
pensation in money by the defendant, which is nothing more than the law
will imply against him, the plaintiff may declare specially on the original
contract, or generally in *indebitatus assumpsit*, at his election.

In an action upon an account stated, the original form or evidence of the debt
is unimportant, for the stating of the account changes the character of the
cause of action, and is in the nature of a new undertaking. The action is
founded, not upon the original contract, but upon the promise to pay the bal-
ance ascertained.

ASSUMPSIT, in the Lake Circuit Court, brought by the ap-
pellee against the appellants, and heard before the Hon.
Jesse B. Thomas and a jury at the August special term,
1847, when a verdict and judgment were rendered in favor
of the plaintiff below for $255.

The case was submitted in this Court upon the written
arguments of counsel.

The facts will appear in the arguments and the Opinion
of the Court.

*I. N. Arnold*, for the appellants.

This was an action of *assumpsit* for work and labor, &c.,
the declaration being on the common counts only, a special
count having been demurred to and demurrer sustained.
The plea was *non-assumpsit*. The evidence showed that
Sherwood, the plaintiff, built a bridge over Fox river. The
work was done under a written contract executed by Thom-
as, Macomber and Throop, three of the defendants, but not
by Brink, one of the defendants. The contract was so far
modified by parol as to require the bridge to be longer, and
to add more ties, but in other respects made the same. The
bridge was finished in November, 1846, when, on giving an

indemnifying bond, all the money was to become due, except $200, to be paid in November, 1847.   There was a clause in the written contract requiring the plaintiff to warrant the bridge, to remain a good bridge three years, &c.   To do this, the plaintiff was to give a bond, &c.   The defendants were all elected a bridge committee, and agreed to act as such. Only the three persons above named signed the contract, under which the work was done.   The action is not on the contract, but for work, labor, &c.   The evidence showed that Thomas and Macomber, two of the defendants, accepted the bridge, but that Throop and Brink did not.   The defendant introduced the written contract in evidence to show that the work was done under it, and that only three of the defendants signed it.   There was a judgment against all of the defendants for $255.   A motion for a new trial was made and overruled, and exceptions taken.   The appellants assign the following errors:

The motion for a new trial ought to have been granted.

*First.*   Because, to enable the plaintiff to recover under the common counts, he must show an acceptance of the work by all the contracting parties.   He fails to do this as to Brink and Throop.   They never accepted the bridge, but always objected.   1 Chitty's Pl. 50; 3 Gilm. 419; *Tolman* v. *Spaulding*, 3 Scam. 14; *Wells* v. *Reynolds*, Ib. 191.

*Second.*   The work was done under a written contract, executed by Throop, Macomber and Thomas.   The money earned became their debt.   Brink was not personally interested, and therefore he can only be rendered liable by an undertaking in writing under the Statute of Frauds.   2 Selwyn N. P. 58; 6 Pick. 509; 2 Term R. 80; *Robertson* v. *March*, 3 Scam. 200.

*Third.*   There is no evidence of any promise or personal undertaking on the part of Brink, nothing to show any personal liability on his part.   Whatever directions Brink gave, was as a committee man.   1 Chitty's Pl. 44.

*Fourth.*   The work being done under a written contract, which remained in full force, the declaration should have been on it, and the party could only recover under it.   10

Mass. 287; 18 Johns. 169, 451; 2 Greenl. Ev. 78, 79, 80, §§ 103, 104; 2 Gilm. 92.

For these reasons the Court ought to have granted a new trial.

*B. S. Morris & J. J. Brown,* for the appellees.

The appellants' attorney has stated the pleadings correctly, but not the substance of the evidence; therefore it is necessary to re-state it.

He says. "The evidence shows that Sherwood built a bridge over Fox River;" and we say it further shows that it was built "for Throop, Thomas, Macomber and Brink, (all the appellants,) at their request," at the price of "$790;" and when built "they all settled with him for it, and struck a balance in his favor of $257 due then, and $200 more, payable 1st November, 1847, then next.

The appellants next say: "The work was done under a written contract executed by three only, and not by Brink." This is not strictly true, for the evidence shows all four of them were appointed a committee at a public meeting of the people, to carry into effect the object of the meeting; they were all present and accepted of their appointment, and all of them made the agreement with Sherwood to build "for them" the bridge, upon the terms and plan named, which were afterwards reduced to writing and was signed by three of them only, who were then present. Brink not being present then, did not sign it, but his name was inserted in the body of the writing, and he afterwards accepted it and acted with the others under it. The work was commenced under it, when by a parol agreement of all (including Brink,) the parties, the plan was changed, and the bridge was so built and finished under this parol change, in November, 1846, when a settlement was made by Sherwood with Brink and the other three. A balance was struck in favor of Sherwood of $257, then due, and $200 more 1st November, 1847. For these sums, the committee (including Brink,) made their two notes, and put them in Throop's hands to be delivered to Sherwood when he should sign, and get his securities to sign

a bond payable to said committee, warranting the bridge to stand three years, &c. Sherwood signed the bond, and so did his securities, and presented it to Throop and demanded the notes. Throop refused to let him have them, saying the condition of the bond did not please him. Thomas said the bond was all right; he took it and said Throop should accept it; the other two wrote. Macomber and Brink wrote the bond and were satisfied with it. Throop still refusing, Sherwood sued all. Such is the attitude in which these appellants appear by the evidence, by the conduct of the defendant, Throop. The only objection to giving up the notes and paying over the money, was the simple fact that the condition of Sherwood's bond did not please him. We would remark here that Sherwood was not required by any written or parol agreement to execute any bond and security. He did this merely to oblige them, and to obviate any objection made to an amicable settlement of the matter.

Such being the substance of the evidence, the appellants contend that they ought to have a new trial; because,

I. "To enable Sherwood to recover on the common counts he must show an acceptance by all the contracting parties." "This," he says, "is not done." Acceptance of what? The bridge, undoubtedly. If a contract made by four of the committee, superintending the work to completion by them, settled for by them and notes made for it by all of them after the work is done, and admitted by three of them to have been accepted by all of them, and part payment made by all of them, and agreed by all when Sherwood's bond was given to them, the notes should be given up to him, is not conclusive evidence of an acceptance of the bridge, we would like gentlemen to give us a sample of what is required. To say the least, the above facts were sufficient for the jury to infer acceptance. There is no doubt we must show them jointly liable.

But it is not necessary to prove an express assent; jury may infer from his knowledge of the plaintiffs' accounts, and his silent acquiescence. 2 Greenl. Ev. § 108.

So if he adopt the contract. Ib. § 114.

So, evidence under the count on an account stated, is only necessary to show a demand assented to. Ib. § 126.

So, if the agreement be performed, and there be an actual accounting and a promise, express or implied, to pay, it is sufficient. Need not prove items, for the action is not founded on these, but upon the defendant's consent to the balance struck. 2 Greenl. Ev. § 127; 22 Wend. 576; 7 Cranch, 299; 6 Wend., 649.

The second, third, fourth and fifth reasons assigned for reversing this judgment, are not well taken.

1. Because the work was not done under and in pursuance of the writing signed by the three appellants;

2. And if it was so done, and Brink recognized or adopted the joint contract of the committee, and that his name was inserted in the body of the writing as one of the committee by his assent, and that he treated the contract as binding upon him, then he is jointly liable with the others for the work done under it;

3. Or, if it is true the written stipulations were changed by agreement with Brink and the other three, and the work was done under this new agreement, then they are all four jointly liable;

4. Or, if the jury believed (as they did) that all four of them employed Sherwood to build the bridge, and on settlement with them a balance was struck against all of them by their consent, then they are all jointly liable. See 2 Greenl. Ev.. §§ 127, 126; 10 Johns. 36; 6 Wend. 649; 14 Johns. 330; 3 Monroe, 405; 4 do. 536; 13 Wend. 276; 5 Gill & Johns. 239; 14 Wend. 476; 9 Pick. 298.

*Indebitatus assumpsit* will lie (on a special agreement,) on the performance of the contract. 1 Wheat. Selw. 73, and notes.

It lies where a special contract has been performed. 7 Peters, 541; 11 Wend. 474; 3 Monroe, 405.

The original form or evidence of debt is of no importance under the count on an account stated; for the stating of the account alters the nature of the debt, and is in the nature of a new promise or undertaking. 2 Greenl. Ev. §§ 127, 104, 126.

A committee appointed at a meeting to carry into effect the object of that meeting, are responsible to the workmen for the labor performed by them. 6 Wend. 649.

The Opinion of the Court was delivered by

Treat, J. This action was commenced in the McHenry Circuit Court by Sherwood, the appellee, against Thomas, Macomber, Throop and Brink, the appellants.

The declaration was in *assumpsit* for work and labor done, and upon an account stated. Plea, *non-assumpsit*, verdict for the appellee, $256. The Court overruled an application for a new trial, and rendered judgment on the verdict.

The refusal of the Circuit Court to grant a new trial is assigned for error. The testimony is somewhat voluminous but, in the opinion of this Court, establishes this state of facts: At a meeting of citizens of McHenry county, the appellants were appointed a committee to contract for and superintend the construction of a bridge across Fox river, and they agreed to act as such. They employed Sherwood to erect the bridge for $790, of which amount $590 was to be paid by November, 1846, and the balance in one year thereafter, and Sherwood was to finish the bridge by November, 1846, and warrant it to stand for three years. The agreement was reduced to writing, and signed by Sherwood and all of the appellants but Brink. His name was inserted in the contract as one of the contracting parties, but he was not present at its execution, and never signed it. He, however, acted with the other appellants in making the original agreement, and in superintending the work up to its completion. The bridge was commenced under the written contract, but, by the parol agreement of the parties, the plan was changed in several particulars. On the completion of the bridge in November, 1846, a settlement took place between the parties, and there was found to be then due Sherwood $256, and to become due in one year thereafter $200, for which amounts notes were signed by the appellants, and placed in the hands of Throop, to be delivered to Sherwood when he should execute a bond

warranting the bridge to stand for three years. The bond was then drawn and the sureties agreed on. This bond, signed by Sherwood and the sureties, was tendered to Throop and the notes demanded; but he refused to accept the bond and deliver the notes, on the ground that the bond did not contain the proper condition.

It is insisted that the appellee should have declared on the written contract, and that he cannot recover on the general counts. It is a well settled principle, that while a contract continues executory, the plaintiff must declare specially, but when it has been fully performed on his part, and nothing remains to be done under it but the payment of the compensation in money, by the defendant, which is nothing more than the law will imply against him, the plaintiff may declare specially on the original contract, or generally in *indebitatus assumpsit*, at his election. *Bank of Columbia* v. *Patterson's* adm'rs, 7 Cranch, 199; *Canal Company* v. *Knapp*, 9 Peters, 541; 2 Greenl. Ev. 104. In this case, the appellee had fully completed the contract to the satisfaction of the appellants. The only thing remaining to be done, was the payment by them of the stipulated price, and that was to be paid in money. The appellee was therefore at liberty to declare specially on the contract, or generally, using the common counts.

It is contended that Brink is not liable jointly with the other appellants. This would be the case if the action had been brought on the special contract, and perhaps the appellee could not make him liable on the common count, for work and labor done. But the appellee was clearly entitled to recover against all of the appellants, upon an account stated, without reference to the question, who were responsible under the original contract. In an action upon an account stated, the original form or evidence of the debt is unimportant, for the stating of the account changes the character of the cause of action, and is in the nature of a new undertaking. The action is founded, not upon the original contract, but upon the promise to pay the balance ascertained. 2 Greenl. Ev. § 127; *Holmes* v. *D'Camp*, 1 Johns. 34; *Fos-*

*ter* v. *Allanson*, 2 Term Rep. 479. It satisfactorily appears from the evidence that all of the appellants accepted the bridge, and undertook to pay the balance ascertained to be due, to the appellee. It may be said that the undertaking was a conditional one, but the condition was in good faith complied with by the appellee, and the appellants had no right to repudiate their promise.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*