No. 2,190.

D. H. NORRIS, RESPONDENT, *v.* FREDERICK ELLIOTT, APPELLANT.

SLANDER.—PRACTICE.—In actions for slander, it is not necessary to show that the slanderous words were spoken on the precise day alleged in the complaint.

IDEM.—PLEADING.—When the answer denies that the slanderous words were spoken at the time and place alleged, or at any other time or place, and the Statute of Limitations is not pleaded, it is not error to admit proof of the speaking of the words at any time before the commencement of the action.

IDEM.—PROOF OF MALICE.—Proof of the repeating of the words, after suit brought, is admissible to show malice.

APPEAL from the District Court of the Sixth District, Sacramento County.

The complaint charged that, on the 29th of July, 1868, the defendant called the plaintiff "a thief." On the trial proof was made of the utterance of the words during a period varying from three months to three years before the suit was brought.

The other facts of the case are stated in the opinion.

*Henry Starr,* for Appellant.

The Court below erred in denying the motion for a non-suit, because none of the words spoken, as proved, were those charged in the complaint, and none of those proved were shown to be spoken within one year prior to the commencement of this suit.

The complaint purports to set out the words in the exact language used by defendant, and not the substance of them. The same rule of law will apply as in libel. The variation is fatal. (1 Starkie on Ev. 385; 1 Chitt. Pleadings, 257; 2 Price, 189.)

The words set out in the complaint should be substantially proven, under our statute, both as to words and time, when specially set forth as to time and words spoken. And, at common law, if they vary as to any part, however unimportant, would be fatal. (1 Greenl. on Ev. 58.)

The date must be precisely proved. (10 Vt. 410.)

Under our Supreme Court decision (9 Cal. 529) it must be sufficiently near to the time alleged in the complaint as not to take defendant by surprise. (Angell on Limitations, 327; 21 Pick. 404; Blanchard on Limitations, 99.)

Again: The Court erred in permitting the testimony of Bowers to go to the jury, of a conversation between F. Dray and defendant after the commencement of the suit. Although it did not prove the words spoken as alleged in the complaint, or any actionable words, yet it was improper after the commencement of the suit. (See Hill, 518; 3 Denio, 346; Sedgwick on Damages, 102.)

*John Heard,* for Respondent.

The appellant says we charged other and different words than those proved. We charged the actionable words in the second person, and also in the third person, and proved them precisely as charged in the third person.

Repeating the slander after suit brought, is admissible to show the malice. (2 Stark. on Slan. 57 and note; Serg. & Rawle, 469.)

In *Partner* v. *Anderson* (33 Ala. 78), it is said the repetition of the slander, or similar words, after suit, is admissible. The same rule is laid down in numerous other cases. (See 6 Hill, N. Y. 518; 6 How. Pr. 290.)

CROCKETT, J., delivered the opinion of the Court:

There is in this case no point deserving of serious consideration on the appeal. The slanderous words on which the action is founded, were sufficiently proved substantially as alleged in the complaint; and there was proof tending to show that they were spoken within one year before the commencement of the action. It is not necessary they should have been shown to have been spoken on the precise day alleged in the complaint. It is sufficient that they were spoken within so recent a period as to avoid the bar of the Statute of Limitations, even though the statute had been relied upon in the answer as a defense. But no such defense is set up in the answer. On the contrary, the answer denies that they were spoken at the time and place alleged, "or at any other time, at the County of Sacramento, or anywhere else," and the statute is not pleaded as a defense. Under this state of the pleading, there was no error in admitting proof of the speaking of the words at any time before the commencement of the action. Unless it appears on the face of the complaint that the action is barred by the statute, the answer must set up that defense, if the defendant intends to rely upon it. Nor did the Court err in admitting proof that the slanderous words were repeated after the action was commenced. This proof was offered and admitted only as a proof of malice and was competent for that purpose. (2 Stark. on Slander, 57; 6 Hill, 518; 6 How. Pr. R. 290; 33 Ala. R. 78.)

On the whole, we think there is no merit in the appeal, and that the judgment ought to be affirmed.

So ordered.