[No. 12416.   In Bank. — September 22, 1888.]

# W. H. THOMAS, Respondent, v. S. T. JAMESON, Appellant.

Resulting Trust — Parol Evidence — Taking Title as Security. — A resulting trust arises by operation of law, and the facts creating it may be shown by parol.   When one party takes the title of land purchased by another, a resulting trust arises in favor of the party paying the purchase-money, in whole or in part, to the extent of such payment; and the same rule applies when the party taking the title advances the purchase-money as a loan to the other party, and the title is taken to secure its repayment.   When part of the purchase-money is so advanced, and the remainder is secured by note and mortgage of the party taking the title, which it is understood that the other party is to assume, and to secure or indemnify the mortgagee from all liability thereon as a condition of receiving a conveyance, a resulting trust arises, and may be enforced as to the whole of the property.

Id. — Appeal — Error without Prejudice — Variance as to Dates.— A variance between the complaint and the evidence as to the date of a deed for lots, the title to which was taken by the defendant for the plaintiff as a resulting trust, is an error which should have been corrected by amendment, but such error is harmless, and is no ground for reversal of the judgment.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Will D. Gould*, for Appellant.

*Smith & Clark*, for Respondent.

BELCHER, C. C.—The plaintiff claimed that the defendant held the title to certain real property in trust for him, and he brought this action to have the trust declared and a conveyance enforced.

The material facts of the case, as shown by the evidence and found by the court, are substantially as follows:—

Mrs. Thompson owned two lots in East Los Angeles, and agreed to sell them to the plaintiff for $950, $200 of the money to be paid on the execution of the deed, and the balance in one year thereafter, with interest thereon at the rate of ten per cent per annum. The plaintiff agreed to purchase the lots on the terms named, but, not having the two hundred dollars at hand, applied to the defendant for a loan of that amount. The defendant agreed to loan him the money, to be repaid in a year, with ten per cent interest, and to give his note for the $750 and a mortgage on the lots to secure the same, provided the title should be taken in his name to secure him. The plaintiff agreed to this, and thereupon received the two hundred dollars from defendant, and paid it to Mrs. Thompson, telling her at the same time, in the defendant's presence, that he had borrowed the money of defendant, and that she was to make the deed to him. She accordingly made a deed of the lots to defendant, and he executed and delivered to her his note and mortgage for the $750. It was further understood and agreed between the parties that on the plaintiff's paying the two hundred dollars and the interest thereon, and securing the defendant from all liability on his note and mortgage to Mrs. Thompson, defendant would convey the lots to plaintiff. The plaintiff complied with all his agreements, and when the two hundred dollars became due, tendered that amount, with the interest which had accrued thereon, to defendant, and also tendered to him the said note and mortgage, with a full written satisfaction and discharge thereof.

The transactions were all verbal ones, and the proof of them was objected to on that ground, but the objections were overruled and exceptions reserved. Upon the findings the court gave judgment in favor of the plaintiff, from which, and from an order denying a new trial, the defendant appealed.

1. The complaint stated a cause of action, and the evidence, if admissible, was sufficient to justify the findings and judgment.

2. A resulting trust arises by operation of law, and the facts creating it may be shown by parol. The court did not err, therefore, in admitting the plaintiff's evidence, and in refusing afterward to strike it out.

3. The rule is well settled that when real property is purchased, and one party pays the purchase-money and another party takes the title, a resulting trust immediately arises in favor of the party paying the money, and the other party becomes his trustee; and also that if the one party pays only a part of the purchase-money, the party taking the title becomes the trustee for the other party *pro tanto*. And the same rule applies if the money is paid by the party taking the title, provided it is advanced by him as a loan to the other party, and the title is taken to secure its repayment. (*Millard* v. *Hathaway*, 27 Cal. 140, 142; *Sanfoss* v. *Jones*, 35 Cal. 481; *Somers* v. *Overhulser*, 67 Cal. 237; *Hellman* v. *Messmer*, 75 Cal. 166.)

4. It is claimed for the appellant that the court erred in deciding that defendant held the title to the whole property in trust for the plaintiff; that at most a trust arose and could be enforced as to such proportion of the property only as was paid for by the two hundred dollars loaned by defendant to plaintiff, and that there was no trust as to that part of the property which was paid for by the note and mortgage of defendant. A similar question arose in *Hidden* v. *Jordan*, 21 Cal. 92, and it was there held that a trust arose as to the whole prop-

erty.   We think that case correctly decided, and, upon the point in hand, decisive of this.

5. It is alleged in the complaint and found by the court that the plaintiff contracted with Mrs. Thompson for the purchase of the lots on the eleventh day of June, 1885.   The deed for the lots from Mrs. Thompson to defendant, which was introduced in evidence, was dated June 9, 1885, and acknowledged on the next day.   It is urged for appellant that this discrepancy in dates conclusively shows error, and necessitates a reversal of the judgment.   But it clearly appears from the testimony that the contract was made early in June, and before the execution of the deed.   The dates referred to in the complaint and finding were evidently erroneous, and might and should have been corrected.   The error was, however, harmless, and for such errors judgments are never reversed.   (Code Civ. Proc., sec. 475.)

We find no material error in the record, and therefore advise that the judgment and order be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.