[S. F. No. 57.    Department Two.—July 16, 1896.]

## ANN E. PARTRIDGE, EXECUTRIX, ETC., RESPONDENT, v. C. C. BUTLER, APPELLANT.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—PLEADING—ORIGINAL INDEBTEDNESS—ACCOUNT STATED—REDUCTION OF DEBT.—A complaint in an action to enforce the liability of a stockholder in a corporation, which shows that defendant was a stockholder therein, when the original indebtedness of the corporation to the plaintiff was created, is not rendered subject to demurrer, nor to a motion to strike out, because it also sets forth a subsequent account stated with the corporation for the purpose of showing that the original debt was reduced by agreement; and, in such case, the cause of action is upon the original indebtedness,

and not upon the account stated, which served merely to establish a re-
duction of the indebtedness of the corporation and of its stockholder,
the stockholder being at liberty to repudiate the reduction, if he saw
fit, and also at full liberty to assail the original indebtedness.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. CHARLES W. SLACK,
Judge.

The facts are stated in the opinion of the court.

*Rodgers & Paterson,* and *James L. Robinson,* for Appellant.

*D. H. Whittemore,* for Respondent.

HENSHAW, J.—Defendant's demurrer to plaintiff's
complaint having been overruled, and, his motion to
strike out certain portions of the same having been
denied, he refused to answer, and takes this appeal from
the judgment thereafter entered against him.

Plaintiff, executrix, prosecuted the action to enforce a
stockholder's liability against Butler for his proportion
of the debt due her testator from the S. S. Construction
Company, a corporation. After proper averments show-
ing the number of shares of stock owned by Butler and
the total number of subscribed shares of the capital
stock, she pleaded that her testator under contract with
the corporation performed certain labor for it, for which
the company agreed to pay the sum of $6,977.16.   She
then alleged:

"That on or about the tenth day of May, 1892, all of
said work was completed, and on or about the first day
of June, 1892, an account for said work was stated be-
tween the said S. S. Construction Company and said H.
C. Partridge, and upon said statement there was found
due to said H. C. Partridge, the sum of $6,800, which
sum defendants agreed to pay.   That on or about the
twenty-ninth day of June, 1892, defendant C. C. Butler,
as president of said S. S. Construction Company, and
for said company, paid on account of said sum of $6,800

the sum of $1,500, and that no part of said sum of $6,-800, except said sum of $1,500, has been paid."

The principal argument upon the demurrer, as well as upon the motion to strike out, is that the cause of action here pleaded is not upon the original debt for which alone there is a statutory liability against the stockholder, but is on a new cause of action under the contract of stated account (*Littlefield* v. *Nichols*, 42 Cal. 372 ; *Coffee* v. *Williams*, 103 Cal. 550), upon which latter the stockholder may not be held.   It is true that the stockholder's liability under the statute, is primary, and for his proportion of the original indebtedness or liability. (*Redington* v. *Cornwell*, 90 Cal. 63; *Hunt* v. *Ward*, 99 Cal. 612 ; 37 Am. St. Rep. 87 ; *Knowles* v. *Sandercock*, 107 Cal. 629.)   But, without considering the question whether an account stated, since it constitutes a new contract giving rise to a new cause of action, may not in itself be treated as a new or original liability for which stockholders would be liable, we are of opinion that the demurrer in the case was properly overruled and the motion to strike out properly denied.

The action is based upon the original contract and indebtedness, which are specifically pleaded.   In an action upon an account stated these averments would have no proper place.   An account stated is a mere acknowledgment of the amount of an existing liability between the parties.   From it, the law implies a promise to pay the admitted amount.   Thereby arises a new and independent cause of action so far that a recovery may be had without setting forth or proving the original contract or accounts, or the separate items of liability from which the balance results.   (*Coffee* v. *Williams, supra; Throop* v. *Sherwood*, 9 Ill. 92; *Chace* v. *Trafford,* 116 Mass. 529; 17 Am. Rep. 171 ; *Foster* v. *Allanson,* 2 Term. Rep. 479 ; *Bouslog* v. *Garrett*, 39 Ind. 338 ; *Heinrich* v. *Englund*, 34 Minn. 395; 2 Greenleaf on Evidence, sec. 127.)

In this case the plaintiff, after averring facts establishing the creation and existence of the original

indebtedness, proceeded, as was proper, to show a reduction of the amount by way of account stated.   Of this reduction the stockholder was entitled to the benefit, as he would have been had there been an actual payment by the company upon the original debt.   These averments, then, were not designed to found a cause of action upon the stated account, but were set forth as a transaction between the creditor and the corporation by which the corporation's debt was diminished and accordingly the stockholder's liability therefor.   Thus these allegations amounted to a mere admission by plaintiff that the debt had been reduced from the original amount.   Whether reduced by payment or by convention was one and the same thing to the stockholders who profited by it.   Upon both the creditor and the corporation the agreed amount, in the absence of fraud or mistake, was binding.   It became plaintiff's duty in pleading to show how the debt had been reduced from its original amount.   How she could do this in any other or better way than was adopted we do not perceive.   The stockholder was still at liberty to repudiate the reduction if he saw fit, and he also had full liberty to assail the primary transaction and show if he could that no indebtedness existed.

The judgment appealed from is affirmed.

MCFARLAND, J., and TEMPLE, J., concurred.