[S. F. No. 95.    Department Two.—September 19, 1896.]

## AMADOR GOLD MINE, LIMITED, RESPONDENT, *v.* AMADOR GOLD MINE ET AL., APPELLANTS.

FORCIBLE DETAINER—PLEADING—DATE OF ENTRY—IMMATERIAL VARIANCE.
In an action for an unlawful entry and forcible detainer, under the allegation in the complaint as to the date of entry, the plaintiff may prove that defendant entered at any time within one year next before the commencement of the action, and within that period no variance from the date alleged is material.

ID.—FINDING AS TO TIME OF ENTRY—AVERMENT OF PRIOR DATE—BREAK IN POSSESSION.—A finding that the time of the defendants' entry was at a later date than that alleged in the answer, which pleaded quiet possession for more than one year, if not necessarily negativing the averment of the answer, shows necessarily that the possession could not have been continuous from such prior date, and a prior interrupted possession, followed by a new entry, cannot constitute part of the quiet possession for the space of one whole year together next before the commencement of the proceedings required by section 1172 of the Code of Civil Procedure to constitute a defense to the action.

ID.—FAILURE TO FIND UPON IMMATERIAL ISSUE.—Where the adverse party cannot be injured by the failure of the court to find upon an issue, the judgment should not be reversed for such failure.

ID.—PLEADING—ENTRY IN ABSENCE OF PLAINTIFF—FORCIBLE.—When the complaint contains two counts, one for entry in absence of the plaintiff and refusal to surrender possession for the period of five days after demand, and one for forcible holding of possession with strong hand and threats of violence, any errors in rulings as to evidence of force, menaces, and threats of violence under the second count cannot affect the findings under the first count, upon which the judgment may stand, and are not, therefore, ground of reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    W. R. DANGERFIELD, Judge.

The facts are stated in the opinion.

*Lindley & Eickhoff*, for Appellants.

*Vincent Neale*, for Respondent.

VANCLIEF, C.—The plaintiff, an English corporation, brought this action against the defendant, a California corporation, for a forcible detainer (as defined by section 1160 of the Code of Civil Procedure) of a certain

tract of mineral land on which is a quartz lode, a sixty-stamp quartz mill, and other improvements, situate in the county of Amador.

The complaint consists of two counts—the first, under the second division of section 1160, alleging an unlawful entry upon said premises on July 14, 1893, in the absence of plaintiff, and a refusal to surrender possession for the period of five days after demand by plaintiff for such surrender; and the second, under the first division of said section, alleging that the defendants, by force and with strong hand and threats of violence, unlawfully holds and keeps possession of said land and appurtenances.

The answer of defendants to the first count denies that plaintiff was ever entitled to the possession of any part of the premises described in the complaint, and denies that on July 14, 1893, or at any time within five days previous thereto, plaintiff was in peaceable or actual possession or occupation of any part of said premises, as alleged in the complaint.

In answer to the second count defendants deny that the *corporation* defendant has ever unlawfully, or with force or threats of violence held or kept possession of said premises, or any part thereof, at any time since July 14, 1893, "contrary to the form of the statute."

After the close of the evidence, and by leave of the court, defendants amended their answer to each count of the complaint by inserting the following: "That on the first day of May, 1893, said defendant, Amador Gold Mine, as was its right, did peaceably and quietly enter upon said pieces and parcels of land, and all thereof, and thence hitherto has continued to be and now is in the peaceable and quiet possession of said pieces and parcels of land and all thereof."

The cause having been tried without a jury, the court found for plaintiff on both counts of the complaint, and rendered judgment for restitution of possession and for treble damages, amounting to four hundred and fifty dollars.

The court denied defendants' motion for a new trial on the condition that plaintiff would remit the damages, and plaintiff performed this condition according to the order of the court.

The defendants have appealed from the judgment of restitution, and from the order denying their motion for a new trial.

1. Counsel for appellants contend that the finding of the court that the defendants entered upon and took possession of the premises *on the twenty-sixth day of June* is a fatal variance from the complaint, in which it is alleged that defendants entered on July 14, 1893. But since such variance could not have misled defendants to their prejudice it is immaterial. (Code Civ. Proc., sec. 469.) The only suggestion of its materiality is that the finding brings the date of defendants' entry within one year next before the commencement of the action, and thus defeats the defense pleaded after the close of the evidence to the effect that defendant had entered and peaceably held possession more than one year next before the action was commenced. (Code Civ. Proc., sec. 1172.) But surely the plaintiff, under the allegation that defendants entered July 14, 1893, was entitled to prove that they entered at any time within one year next before the commencement of the action. Within that period no variation from the date alleged in the complaint was material. (*Norris* v. *Elliott*, 39 Cal. 72; *Davis* v. *Baugh*, 59 Cal. 568; *Kidder* v. *Stevens*, 60 Cal. 420; *Biven* v. *Bostwick*, 70 Cal. 639.) The action was commenced May 7, 1894, and the finding is that defendants entered June 26, 1893. Counsel for appellant are mistaken in saying "the complaint says defendants did *not* take the premises until July 14, 1893."

2. Appellants contend that there is no sufficient finding on the issue tendered by the aforesaid amendment of the answer, namely, that defendants took possession of the premises on May 1, 1893, and continuously thereafter held such possession.

The plaintiff alleged the date of defendants' entry to

have been July 14, 1893. Defendants alleged it to have been May 1, 1893. The court found it to have been June 26, 1893. Conceding that the finding does not necessarily negative defendants' allegation that they entered on May 1, 1893, yet it does negative the continuance of such possession until June 26th; for, unless the defendants had abandoned or lost the alleged possession, taken on May 1st, they could not have *taken* possession on June 26th; and if, as found by the court, they took the possession complained of on June 26th, they must have abandoned or lost any possession taken by them prior to June 26th. Such prior possession, if it existed, was entirely distinct from that initiated on June 26th, and, having been interrupted between May 1st and June 26th, could not have been counted as a part of that quiet possession "for the space of one whole year *together* next before the commencement of the proceedings," which is required by section 1172 of the Code of Civil Procedure to constitute a defense to the action. It was, therefore, immaterial whether or not the defendants had taken or held possession for a period of time prior to June 26th distinct from and disconnected with that which the court found to have been initiated on the twenty-sixth day of June, 1893; and, since the defendants could not have been injured by the failure of the court to find upon that issue, the judgment should not be reversed for such failure. (*Robarts* v. *Haley*, 65 Cal. 397; *Johnson* v. *Vance*, 86 Cal. 128; *Miller* v. *Hicken*, 92 Cal. 229.)

3. The finding that defendants entered on June 26, 1893, and thence forcibly withheld the possession until the commencement of the proceeding, is justified by a great preponderance of the evidence.

Nor is there any evidence substantially tending to support the contention of appellants that plaintiff abandoned the premises in question, or was not in actual possession up to and at the time defendants entered and within five days before, though plaintiff's agents were absent from the premises at the time defendants entered.

4. In the bill of exceptions are specified thirty-five

alleged errors in law occurring at the trial, as to which counsel for appellants say:

"Under this head appellants respectfully direct the attention of this court to the various rulings made during the trial to which defendants duly excepted, because these show quite clearly how the mind of the trial court was moved during the proceedings before it. Some of the rulings standing alone would, perhaps, be of little consequence one way or another, but the development of the court's view of the case in the direction indicated by its line of rulings we believe to have been wrong and to the prejudice of defendants."

Although having read the record carefully, I have discovered no valid or even plausible ground upon which any of these specified errors can be maintained, except that, perhaps, it may be questionable whether the court ruled correctly in admitting and excluding evidence as to the *force, menaces, and threats of violence* necessary to constitute the cause of action alleged in the second count; but errors in such rulings could not have affected the finding of the forcible detainer necessary to support a judgment for plaintiff on the first count, upon which alone the judgment may stand.

I think the order and judgment should be affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the order and judgment are affirmed.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.