[Civ. No. 3471. Third Appellate District.—November 20, 1928.]

ALEX J. YOUNG, Jr., Respondent, v. LoPRESTI, Appellant.

Barcroft & Barcroft for Appellant.

Heller, Ehrman, White & McAuliffe and Webster V. Clark for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an action upon an account stated. The defendant appealed from a judgment of $660.67 in favor of the plaintiff.

Dennis, Kimball & Pope, Inc., of the state of New York, is a fruit marketing corporation. In October, 1925, through its California agent, this corporation advanced $1,750 to the appellant to harvest and market his grape crop. Pursuant to agreement six cars of grapes were shipped to this company on consignment, and sold in the New York market for the account of appellant. The complaint alleges that "on or about the 19th day of November, 1925, . . . an account was stated between Dennis, Kimball & Pope, Inc., and the defendant" in which statement it was agreed be-

tween the parties that a balance of $660.67 was due the corporation, no part of which had been paid. This account was assigned to the respondent. In proof of the stated account, Mr. Barr, the local agent of the marketing corporation, testified that on December 9, 1925, he wrote a letter to the appellant inclosing his account, together with bills of lading, which letter concluded with this language: "Also statement of your account showing a balance due us of $660.67. . . ." The witness said that in January, 1926, just after the first of the year, he visited the appellant, and he testified, "We discussed the deficiency that was owing to the company, . . . and he mentioned that he would like to pay although he did not have the money at that time, but he would like to carry it over until the following season, when he would make a contract with us to ship fruit to offset the balance, . . . He said he would like to allow that to go over to next season's business, and if there was any amount of money *due from the railroad* on the claim, that that would also tend to lessen the amount that was owing us." The court said: "Q. As I understand you, . . . Mr. Presti . . . asked that you allow the $660.67 to be carried over and applied on his account for the following year, and also the adjustment of the freight charges, and you agreed to that, did you? A. Yes, sir." No fruit was shipped from the appellant to the marketing corporation the following year. . No freight rebates were ever paid on account of appellant's claim. There is no evidence that any such claims are due. From these facts the court found that "on or about the 19th day of November, 1925, and in the month of January, 1926, . . ." an account was stated between the parties, and an agreement reached that the sum of $660.67 was due from the appellant. Judgment was thereupon rendered for that sum.

The appellant contends that the findings and judgment are not supported by the evidence for the reason that (1) there is no proof of prior indebtedness, (2) there was no admission of indebtedness of a specific sum since certain rebates of freight charges were unsettled, and (3) there is a variance between the pleadings and the evidence respecting the date upon which the balance of account was alleged to have been admitted.

■ The record contains evidence of former transactions between the parties sufficient to establish a basis for the new obligation represented by the account stated. Mr. Justice Shaw, in *Bennett* v. *Potter*, 180 Cal. 736 [183 Pac. 156], says that all that is required in proof of an account stated is "that transactions have occurred between the parties from which the relation of debtor and creditor has arisen," and that it is assented between the parties that a specific amount is due, which sum the debtor, by either express or implied promise, agrees to pay. (1 C. J. 698, sec. 304; *Auzerais* v. *Naglee*, 74 Cal. 60 [15 Pac. 371].) In the case of *Partridge* v. *Butler*, 113 Cal. 326 [45 Pac. 678], Mr. Justice Henshaw says: "In an action upon an account stated these averments concerning the nature of the original contract would have no proper place. An account stated is a mere acknowledgment of the amount of an existing liability between the parties. From it the law implies a promise to pay the admitted amount. Thereby arises a new and independent cause of action so far that a recovery may be had without setting forth or proving the original contract or accounts, or the separate items of liability from which the balance results." The items of the original accounts are not proper subject of inquiry upon an action for an account stated. (1 Cal. Jur. 203, sec. 58; 1 R. C. L. 219, sec. 19; *Gardner* v. *Watson*, 170 Cal. 570 [150 Pac. 994].) "The promise to pay need not be absolute or unconditional; a promise to pay upon some future contingency is sufficient if coupled with an acknowledgment of a definite and subsisting indebtedness." (1 C. J. 698, sec. 302.) In the present case the evidence of appellant's admission that he owed the specific sum of $660.67 is sufficiently definite. In December, 1925, he received a letter in which it was claimed that this amount was due from him. The following month the agent of the marketing corporation visited him, and in discussing this account and the letter mentioning the specific balance, he did not deny that he owed the sum stated. Upon the contrary, he said: "He would like to pay (it) although he did not have the money at that time." This is a definite acknowledgment that he owed that specific sum, coupled with a request to extend the time for payment. The conditions extending the time of payment failed through

no fault of respondent, and the right of action upon the account stated then accrued.

■ The appellant, however, contends that there was no agreement to pay a specific sum for the reason that there was a reservation on his part to the effect that he was to obtain credit for an unsettled claim for rebate of freight charges. But the marketing corporation did not owe this claim for rebate of freight charges. If any such valid claim existed, that was an obligation due the appellant from the railroad company, with which the respondent was not concerned, except that after the balance of the indebtedness had been agreed upon between the parties, as a matter of accommodation, the agent suggested that this claim might be collected through their claim department. The collection of this claim in no way affected the amount which was due to respondent. It was a mere chose in action for the claim of appellant against the transportation company, in which the respondent was not concerned. There was not even a definite statement on the part of appellant that it was due. After tacitly agreeing to the amount which he admitted was due the respondent, and requesting a delay in the payment thereof, the appellant suggested that if the marketing company succeeded in collecting anything on his claim for a rebate of freight charges that sum might be credited on the amount which was due from him. Mr. Barr testified that the appellant said he would like to have the payment of his debt ''go over to next season's business, and *if there was any amount due from the railroad on the claim,*'' that would tend to lessen the amount of money he owed, since respondent was attempting to collect it for him. So far as the evidence discloses, no such freight charges were ever allowed or paid up to the time of the trial of this cause in February, 1927. Mr. Barr had no knowledge of the validity of this claim, or of the prospect of collecting it. He was no longer employed with the marketing company. The freight claim had nothing to do with the account between appellant and respondent. In response to the statement that this claim was to be credited on the balance due from the appellant, Mr. Barr testified: ''Q. What did you say in response to that, . . . A. I said we would receive all those papers and send them back east; that we had a claim department and would look after those

things for him." The only evidence with respect to payment of the freight claim was the following testimony of the same witness: "Q. Those freight charges are still pending undetermined, aren't they? A. I haven't heard from them regarding the claims. Q. So far as you know, they are still undetermined? A. Yes sir . . . (but) I am no longer with Dennis, Kimball & Pope Company—in fact, I haven't been with them for over a year." From the foregoing record it appears those freight claims were remote, uncertain and in no way connected with the account which was due from appellant to respondent. Reference to this claim, and the effort to collect it through respondent's claim department, therefore, left no uncertainty regarding the amount which was due.

Finally, the appellant contends there was a fatal variance between the allegations of the pleadings as to the exact date of the alleged stated account and the proof. The complaint did allege that the stated account occurred "on or about the 19th day of November, 1925." The letter containing the amount claimed by respondent to have been due was mailed to appellant December 9, 1925. Failure to deny the amount claimed to have been due, within a reasonable time, might constitute an affirmance of the claim and thereby become an account stated. (1 Cal. Jur. 195, sec. 54; 1 R. C. L. 213, sec. 12.) The conference occurred between the parties in the early part of January, 1926, at which time the amount claimed by respondent was specifically acknowledged. At the trial there was no controversy over the mere question as to the date of the agreement. There were no items of the account incurred subsequent to the date of the stated account alleged in the complaint. Under the circumstances of this case, the mere date of the agreed account is not material. When the mere date of a transaction is not material, the variance in proof in that regard is neither prejudicial nor reversible error. (*Amador Gold Mines Co., Ltd.*, v. *Amador Gold Mine*, 114 Cal. 346 [46 Pac. 80]; *Bancroft Co.* v. *Haslett*, 106 Cal. 151 [39 Pac. 602]; *Thomas* v. *Jameson*, 77 Cal. 91 [19 Pac. 177]; *Biven* v. *Bostwick*, 70 Cal. 639 [11 Pac. 790]; *Atwood* v. *Southern Cal. Ice Co.*, 63 Cal. App. 343, 346 [218 Pac. 283].) When the variance is not material the trial court may direct findings in accordance with the proof as to the

fact. (Sec. 470, Code Civ. Proc.) This the court did in the present case. The court found that, "on or about the 19th day of November, 1925, and *in the month of January, 1926*," the account was stated between the parties. The evidence fails to show such an agreement on November 19, 1925, but this is immaterial provided there was also another subsequent agreement as to the same amount due. The evidence does support the finding that this agreement occurred "in the early part of January, 1926." This is sufficiently accurate for the purposes of this cause and supports the findings and judgment. A cause will not be reversed for an immaterial discrepancy between the pleadings and the findings as to the mere date of a transaction. (*Thomas* v. *Jameson, supra.*)

The judgment is therefore affirmed.

Plummer, J., and Hart, Acting P. J., concurred.