[S. F. No. 17234. In Bank. Apr. 19, 1946.]

MAYNARD GARRISON, as Insurance Commissioner, etc., Respondent, v. EDWARD BROWN & SONS (a Corporation) et al., Appellants.

Arthur B. Dunne and Dunne & Dunne for Appellants.

Robert W. Kenny, Attorney General, John L. Nourse, Deputy Attorney General, and Hester Webb for Respondent.

SHENK, J.—The defendant appeals from a judgment for the plaintiff on the complaint, and from a judgment in its favor on its cross-complaint.

The defendant, a California corporation, was general agent for California of Union Indemnity Company, a Louisiana corporation. Union Indemnity Company was declared insolvent in Louisiana on January 6, 1933, and in California on January 12, 1933. The plaintiff Insurance Commissioner was appointed to liquidate the company's assets in this state.

The defendant filed a claim with the liquidator for $91,743.52, as the net amount due to it from Union, which was allowed to the extent of $25,897.97. In January, 1936, the liquidator filed an action against the defendant to recover $11,702.29, alleged to represent the amount of unremitted insurance premiums collected by the defendant from Union's insureds. Defendant filed an answer setting forth certain denials and affirmative allegations of offset, and a cross-complaint by which it sought the allowance of its claim in full. In November, 1939, judgment went against the plaintiff and for the defendant in the sum of $39,267.31. On denial of a motion for a new trial the court disallowed an item of $15,000 to the defendant, and reduced the judgment to the sum of $24,267.31. Both parties filed notices of appeal from that judgment. Before either appeal was perfected the reporter died, and on June 11, 1941, the plaintiff moved to vacate the judgment and for a new trial pursuant to section 953e of the Code of Civil Procedure. The motion was denied and a motion by the defendant to terminate the proceedings was granted. The court's order was affirmed. (*Caminetti* v. *Edward Brown*

& Sons, 23 Cal.2d 511 [144 P.2d 570].) The appeal thereafter reached this court on the judgment roll alone, and the judgment was reversed. (*Garrison* v. *Edward Brown & Sons,* 25 Cal.2d 473 [154 P.2d 377].)

After the going down of the remittitur the parties entered into a stipulation of the facts which constitute the findings of the trial court in support of the present judgments for the plaintiff and the defendant.

The agreement under which the defendant operated as general agent in California for Union contained the following provision: "All premiums collected by the Agent for the Company are the property of the Company and shall be held by the Agent as a fiduciary trust until delivery to the Company. The privilege of deducting commissions which are debts due the Agent, if granted, shall not be taken as a waiver by the Company of its exclusive ownership of all premiums." In practice the premiums collected on behalf of Union (defendant was agent for other insurance companies) were not segregated in a separate account but were deposited in defendant's general commercial account. Defendant reported monthly on sheets known as "Bordereaux" showing business written, premiums due, commissions allowable, return premiums and other calculations concerning cancellations, unearned premiums, return commissions, etc., and sums expended by defendant as general agent on Union's behalf. Remittances were made or received on the monthly net balance thus shown to be due from the defendant to Union or owing to it by Union.

On the former appeal it was the contention of the defendant that the practice in handling the accounts between the parties modified their written agreement so as to substitute a debtor-creditor relationship between them in place of the fiduciary relationship provided for in the agreement. Thereby the defendant sought to offset against the amount of premiums collected (which pursuant to the agreement constituted a trust res with legal ownership thereof in the company) any and all claims or credits which it could have recovered against Union. The trial court upheld the contention and permitted the offset. However, on disposing of the contention on the appeal (*Garrison* v. *Edward Brown & Sons, supra,* 25 Cal.2d 473), this court concluded that the findings relating to the actual practice of accounting did not support the conclusion that a debtor-creditor relationship was substituted,

and that therefore the judgment was unsupported. The court applied the well-settled rule that a fiduciary may not set off claims owed to him in his personal capacity against obligations which he has assumed as a trustee. It was also held that the accounting practice, which was consistent with the written agreement, did not show an intention to modify the agreement, and that the commingling of funds did not disturb the trust nature thereof. Following the law announced in that decision the court on the second trial determined that the plaintiff was entitled to a judgment against the defendant in the sum of $9,668.50 free of any claim of offset; and that the defendant was entitled to a judgment against the plaintiff in the sum of $20,696.87 (including $110.45 for supplies theretofore allowed by the liquidator), which sum was to be paid in the course of administration of the estate of Union Indemnity Company, thereby relegating the defendant to the status of a general creditor of Union as to the total amount of the damages awarded to it in this action.

On this appeal the defendant has abandoned the contention that the accounting practice between the parties served to modify or alter the written agreement between them. It is shown that the amount allowed by the court as damages, namely $20,586.42 ($20,696.87 less $110.45 for supplies previously allowed by the liquidator) represents commissions on business written, but on which premiums remained uncollected, from October, 1932, to January 6, 1933. That sum, disallowed as a set-off, defendant might have earned but for the adjudication of insolvency of Union. It may thus be said that the sum of $9,668.50 represents the amount of premiums, less commissions, collected by the defendant for that period and unremitted to Union; and that the sum of $20,586.42 represents the amount of commissions which would have been earned by the defendant if premiums had been collected on additional business written in that period, but which remained unpaid by reason of Union's insolvency. There is no appeal by the plaintiff from the judgment in favor of the defendant and it is stipulated that the amount of $20,586.42 is the reasonable value of the service rendered by defendant to Union during that period. The defendant contends that this amount is proper as a set-off against the amount of the premiums collected and due to Union, because of the fact that the business was written by the defendant as agent under the same contract; therefore that the amount is owing to it in the same

capacity as is the sum due from it to Union. The defendant places reliance on the court's statement on the former appeal that "insofar as Brown was deprived by Union's insolvency of commissions for policies written and not cancelled, Brown is entitled to compensation equal to the commissions as damages for the breach of contract committed by Union." The court did not assume to hold, however, that the amount thereof was deductible from the amount of the collected premiums due to Union. That result depended on the character of the fund representing the collected premiums, that is, whether that fund was held by the defendant as fiduciary under the agreement, or in a debtor-creditor relationship pursuant to the claimed modification of the original agreement. The opinion declared that if the facts on retrial should show that the fiduciary relationship was not changed, the following result would be indicated: "If defendants were trustees of the premiums collected, they would therefore be obligated to remit them, deducting only commissions earned thereon as provided in the agency agreement. With respect to all claims not allowed as deductions from the premiums to be remitted, they would have to seek satisfaction from Union's insolvent estate as general creditors." (*Garrison* v. *Edward Brown & Sons, supra,* 25 Cal.2d at p. 477.)

The defendant relies on the following statement in *Johns* v. *United Bank & Trust Co.,* 15 F.2d 300, at p. 302: "The beneficiaries of the trust cannot be permitted to claim title to all the bank deposits made by their trustees and at the same time disclaim all liability for the debts which their trustees incurred." That principle is applicable under appropriate facts, but the amount of damages sought here to be offset is not a debt incurred by the trustee. An appropriate set of facts for the application of the rule invoked is shown by the stipulation and finding that the sum of $110.45 was incurred for various items in collecting the premiums constituting the trust res. That sum represents a debt incurred by the defendant as trustee of the collected premiums, and should have been allowed as an offset against the amount of the trust fund in its possession. In other cases cited by the defendant there was no contract similar to that between the defendant and Union which established a special trust relationship as to premiums collected and unremitted. General statements in those cases are not controlling under the special facts of this case. The principle which disposes of the defendant's

main contention is stated on the former appeal, namely, that since the defendant undertook the obligations as to remittances of collected premiums in a fiduciary capacity, it may not set off its claim for damages against that fiduciary obligation. With the exception noted the trial court correctly applied the law declared on the former appeal.

It is ordered that the judgment for the plaintiff be modified by reducing the amount thereof to the sum of $9,558.05, and that the judgment for the defendant be modified by reducing the same to the sum of $20,586.42. As so modified the judgments are affirmed, neither party to recover costs on appeal.

Gibson, C. J., Carter, J., Traynor, J., and Spence, J., concurred.

SCHAUER, J.—I concur.

While I believe that this court erred in its determination of the original appeal (*Garrison* v. *Edward Brown & Sons* (1944), 25 Cal.2d 473 [154 P.2d 377] ; see dissenting opinion at p. 484 et seq.) the majority opinion therein has become the law of the case. Under the law of the case Mr. Justice Shenk's disposal of the present appeal is correct.

Edmonds, J., concurred.

Appellant's petition for a rehearing was denied May 16, 1946.