[Civ. No. 10490. Third Dist. Feb. 20, 1963.]

W. A. BLACK, Plaintiff and Appellant, v. MARY ROSE DILLON, Defendant and Respondent.

Donald E. Huckins for Plaintiff and Appellant.

Steel & Arostegui for Defendant and Respondent

PIERCE, P. J.—Plaintiff W. A. Black, a doctor of medicine, performed professional services for defendant Mary Rose Dillon and her family, consisting of her husband and children, over a period from February 19, 1958, to August 21, 1958. His bill therefor was in the sum of $746 after crediting payments thereon. When the bill was unpaid, he sued. Defendant by her

answer set up as a defense a malpractice suit which she had brought against Black involving surgery performed upon her and claimed as a bar to the action section 439 of the Code of Civil Procedure. The trial court decided the entire action was barred, although stating in a memorandum opinion that certain of the doctor's charges were unrelated to the surgery for which the action was brought. The court believed that it was the legislative intent in section 439 of the Code of Civil Procedure that all claims existing between a plaintiff and defendant must be disposed of in the original lawsuit.

In this the court erred. Said section provides as follows:

"If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

 A counterclaim is barred from later suit only when (1) it arises from the same transaction set forth in the complaint, (2) it tends to diminish or defeat the plaintiff's recovery,[1] (3) it exists in favor of a defendant and against a plaintiff between whom a several judgment is available. (1 Stanbury, California Trial and Appellate Practice, § 205, pp. 229, 230; *Zainudin* v. *Meizel*, 119 Cal.App.2d 265 [259 P.2d 460].)

 We have examined the evidence in the record and discover that all of the charges made to defendant for services performed for her personally come within these conditions and are therefor barred. These items, less credited payments, total $634. The charges for services performed for other members of the family (but at the special instance and request of defendant, and for which she agreed to pay) total $112.

Judgment is reversed and the trial court is directed to enter judgment for plaintiff and against defendant in the sum of $112. In the interest of justice each party shall bear his or her own costs on appeal.

Schottky, J., and Friedman, J., concurred.

---

[1]Otherwise it would be a cross-complaint and not a counterclaim.