[Civ. No. 31546.   Second Dist., Div. Four.   Nov. 30, 1967.]

RAUL CHAVEZ, Plaintiff and Appellant, v. CHARLES H. CARTER, Defendant and Respondent.

David C. Marcus for Plaintiff and Appellant.

Henry E. Kappler for Defendant and Respondent.

KINGSLEY, J.—Plaintiff Raul Chavez appeals from a summary judgment in favor of the defendant in an action for damages for legal malpractice.

On June 17, 1965, plaintiff filed his malpractice complaint. He alleged that on November 10, 1961, he hired attorneys Carter, Coudures and Ludlow to represent him in a pending divorce action between himself and Maria Chavez. On Febru-

ary 14, 1962, the court in the divorce suit directed the granting of an interlocutory decree of divorce to each party, and Maria Chavez's attorney was directed to prepare the judgment to be submitted to Raul Chavez's attorney (defendant herein) for approval. Plaintiff in the present action alleges that defendant negligently failed to enter the interlocutory decree of divorce; that, as a result of the negligence, plaintiff's title to property is clouded; that an order of support is still effective; and that plaintiff has been damaged in the sum of $10,000. Defendant's proposed amendment to the answer indicates that defendant Carter sued Raul Chavez for attorney's fees in connection with the divorce, and Chavez did not assert his malpractice claim by way of counterclaim in that action. The complaint for fees was served on Chavez over five months following the minute order of February 14, 1962, granting the divorce.

Defendant filed a notice of motion for summary judgment and affidavits were filed. Plaintiff in his responding affidavit alleged in part that defendant was still his attorney of record and as such his failure to enter the decree of divorce is a continuing breach of duty, and therefore the statute of limitations could not have run. The motion for summary judgment was granted on the ground that plaintiff's action was barred by the two-year provision of the statute of limitations (Code Civ. Proc., § 339, subd. 1), and on the ground that plaintiff failed to assert his claim for damages by way of counterclaim in an earlier suit by defendant for attorney's fees. (Code Civ. Proc., § 439.)

The main issue before the court is whether or not the summary judgment should have been granted.[1]

I

It is clear that legal malpractice may exist where an attorney is negligent in preparing or in causing the entry of the judgment or verdict. (See *Armstrong* v. *Adams* (1929) 102 Cal.App. 677 [283 P. 871].) Actionable legal malpractice is compounded of the same basic elements as other kinds of negligence—duty, breach of duty, proximate cause, and damage. (*Ishmael* v. *Millington* (1966) 241 Cal.App.2d 520 [50 Cal.Rptr. 592].) The first question that arises then is whether or not the defendant attorney in the instant

[1]Plaintiff raises several other problems under a section called ''Points and Authorities.'' Those points that have not been argued and for which there are no citations or references in the record have been deemed abandoned.

case had any duty to prepare and to procure the entry of the interlocutory decree at all, in view of the fact that the court directed the wife's attorney to prepare the decree.

We conclude that that fact, by itself, did not absolve defendant from his duty to see that his client's interests were protected. Assuming, without deciding, that the attorney for a losing party might reasonably conclude that his client's interests were being served by delay, the facts here adequately show that plaintiff had a legitimate interest in the conclusion of the divorce suit, even though that conclusion was not all that he desired. We discuss, later, the effect of the primary duty laid by the divorce court on Maria's counsel on the question of the running of the statute of limitations.

## II

Plaintiff correctly argues that a summary judgment procedure is drastic and should not become a substitute for determining facts at trial (*Wilson* v. *Bittick* (1965) 63 Cal.2d 30, 34 [45 Cal.Rptr. 31, 403 P.2d 159]), and that a summary judgment is improper if there is a triable issue of fact. (*Pacific Indem. Group* v. *Dunton* (1966) 243 Cal.App.2d 504 [52 Cal.Rptr. 332].) However, it is settled law that the granting of a summary judgment is proper where the affidavits clearly show that plaintiff's action is barred by the statute of limitations. (*Graham* v. *Bank of Cal.* (1961) 197 Cal.App.2d 438 [17 Cal.Rptr. 279]; also see *Reiner* v. *Hermann* (1947) 79 Cal.App.2d 543 [180 P.2d 385].)

## III

The lower court erroneously held that plaintiff's action was barred by the statute of limitations. A legal malpractice action falls within the two-year statute of limitations of Code of Civil Procedure section 339, subdivision 1. (*Alter* v. *Michael* (1966) 64 Cal.2d 480 [50 Cal.Rptr. 553, 413 P.2d 153].) The two-year statute runs from the time of the negligent act and not from the time of the discovery. (*Griffith* v. *Zavlaris* (1963) 215 Cal.App.2d 826 [30 Cal.Rptr. 517]; *Bustamante* v. *Haet* (1963) 222 Cal.App.2d 413 [35 Cal.Rptr. 176]; *Rhines* v. *Evans* (1870) 66 Pa. 192 [5 Am.Rep. 364].)

It is clear that the negligent act did not accrue on February 14, 1962, since defendant was entitled to wait for a reasonable time for Maria's attorneys to respond to the direction to them to prepare a draft decree and he was also entitled to a reasonable time thereafter to draft a decree on his own behalf and present it to the divorce court. The declarations

filed on the motion for summary judgment are noticeably lacking in specific facts on either side, other than the allegations by defendant with reference to his claim that the present action is barred by the counterclaim statute. There is insufficient in them to sustain any implied finding that the delay between February 14, 1962, and June 16, 1963 (two years before the present action was filed) was so long as to have constituted a negligent delay, especially since there lurks in the record (although not otherwise mentioned in the declarations) the allegation in defendant's verified answer that he was unable to prepare a suitable decree because plaintiff had failed to provide him with information necessary to draft that document. Under these circumstances, the record fails to show that defendant (if negligent at all) had been so prior to June 16, 1963.

Furthermore, defendant, according to the uncontradicted allegations in the declarations, is still attorney of record for plaintiff in the divorce action and this supports an inference that he is still under a continuing duty to protect his client's interests and secure the entry of a proper decree. In *Eckert* v. *Schaal* (1957) 251 Cal.App.2d 1 [58 Cal.Rptr. 817], the cross-defendant attorney's demurrer to the cause of action against him for malpractice was sustained by the trial court on the ground that the cause of action was barred by Code of Civil Procedure section 339, subdivision 1. An amendment to the cross-complaint added an allegation that, on December 17, 1962, the attorney was still acting for his clients in a professional capacity and still negligently failed to advise them of their continuing duty to disclose secret profits. The attorney demurred that the amendment did not show that a new cause of action arose on December 17. The appellate court held that the period of limitation applicable to any class of action commences when the cause of action is complete, and that the cause of action arose when the advice was given and the clients changed their position in reliance on that advice. The court quoted from *Lattin* v. *Gillette* (1892) 95 Cal. 317, 319 [30 P. 545, 29 Am.St.Rep. 115], in which it was stated that liability arises immediately upon the disregard of duty, and an action may be immediately maintained. However, that case is not helpful in determining the case at Bench. In *Eckert*, the duty was fully breached, and the cause of action accrued, when the negligent advice was first given, and the client acted in reliance thereon. A correction of that advice. at a later date, might or might not have served to mitigate damages, but

the advice once given and acted on was all that was involved in the action. Here, a fresh duty to act arose each day and (so far as this record discloses) may still have continued when the action was filed.

The closest case to that at bench which our research has discovered is *Rhines* v. *Evans* (1870) 66 Pa. 192 [5 Am.Rep. 364]. In that case, the court held that, as a matter of law, a delay of 17 months in instituting suit on a debt was malpractice sufficient to start the statute running on the client's cause of action. However, it also appears that, due to the defendant's delay, the debt had become outlawed and other events had occurred which gave the debtor a defense to any action to collect. Clearly, where an attorney's delay reaches a point at which he can no longer perform his duty, the cause of action is complete. But that is not the case before us, where the attorney can still perform.[2]

It is true that, since a two-year statute of limitation applies, plaintiff can recover only those damages which occurred within that period and he is barred from recovery of damages prior to June 16, 1963. But that limitation is one to be applied after a trial; it does not operate to support a judgment dismissing the action in its entirety.

## IV

The same considerations apply to the alleged defense under the compulsory counterclaim statute. (Code Civ. Proc., § 439.) In *Black* v. *Dillon* (1963) 213 Cal.App.2d 295 [28 Cal.Rptr. 678], the court held that a doctor's suit for his fees was barred by that section where he had not counterclaimed in an action against him for malpractice, insofar as the fees sought related to the same matter as that involved in the malpractice suit.[3] But there the fees involved had been fully earned before the malpractice action was instituted, so that the cause of action thereon had already completely

---

[2]*Shelly* v. *Hansen* (1966) 244 Cal.App.2d 210 [53 Cal.Rptr. 20], is only tangentially helpful in the case at bench. In that case, the court held that the statute of limitations ran against a malpractice action when the statute had run against the action he was retained to prosecute and, also, that it ran against such a malpractice action from the date of an admitted discharge of the defendant attorney while the desired action could still have been brought by his successor. As we point out in the text, in the case at bench, the record does not show that defendant has been discharged as counsel for plaintiff in the divorce action, nor has any statute of limitation run to prevent the present entry of the desired decree.

[3]Charges for services arising out of a different transaction were not barred.

accrued. As we have seen, plaintiff's cause of action herein had not fully accrued when defendant sued him for fees.

The most help that plaintiff can secure from *Black* v. *Dillon, supra,* 213 Cal.App.2d 295, would be a finding that, if defendant in fact had been negligent prior to the bringing of the suit for his fees,[4] plaintiff is barred from recovering any damages then accrued. Section 439 does not bar plaintiff from recovering damages accruing thereafter and for which he had no then existing cause of action.

The judgment is reversed; the case is remanded for further proceedings not inconsistent with this opinion.

Files, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 24, 1968.

------

[4]For the reasons discussed earlier, we cannot say that, as a matter of law, defendant's delay had amounted to actionable negligence even at the time in the fall of 1962 when he sued for fees theretofore earned.