[No. C003346. Third Dist. Mar. 16, 1990.]

JOHN HULSEY et al., Plaintiffs and Respondents, v.
JUDITH P. KOEHLER, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion *except* part I.

COUNSEL

Trainor, Robertson & Smits, Stuart Lansing Smits and Gary M. Funamura for Plaintiffs and Respondents.

Kelly Albrecht for Defendant and Appellant.

OPINION

SCOTLAND, J.—Defendant, Dr. Judith P. Koehler (hereinafter Koehler) appeals from a judgment entered in favor of plaintiffs, John and June Hulsey (hereinafter the Hulseys) granting declaratory relief and reformation of a promissory note executed in connection with the Hulseys' sale of a mobilehome park to Koehler in 1980.

At trial, Koehler moved to amend her answer to assert Code of Civil Procedure section 426.30[1] as an affirmative defense, alleging that the cause of action for reformation was barred because the Hulseys had failed to seek reformation by cross-complaint in an earlier lawsuit Koehler had filed against the Hulseys for claims arising from the sale of the mobilehome park. Section 426.30 is California's compulsory cross-complaint statute which bars claims that could have been raised by cross-complaint in a prior action between the parties. The trial court denied the motion as untimely.

On appeal, Koehler contends that the trial court abused its discretion in denying her motion to amend. In addition, Koehler claims that she was entitled to assert section 426.30 as a defense even without amending her answer, because it need not be specially pleaded as an affirmative defense. We disagree with both contentions and shall affirm the judgment.

In the published portions of this opinion, we hold that section 426.30 is analogous to the doctrine of res judicata and must be specially pleaded as an affirmative defense. Failure to so plead section 426.30 constitutes a waiver of this defense. We also find that the trial court did not abuse its discretion in denying as untimely Koehler's motion to amend at trial. On the facts

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise specified.

before it, the trial court acted well within the bounds of reason in concluding that Koehler's belated assertion of the defense demonstrated a lack of diligence and prejudiced the Hulseys. In the unpublished portion of this opinion, we reject the Hulseys' assertion that this appeal should be dismissed as moot.

## FACTS

On January 26, 1980, the parties executed a Commercial Purchase Agreement and Deposit Receipt (deposit receipt) in which Koehler agreed to purchase the Golden Oaks Mobile Estates in Oroville for the sum of $372,000, with the Hulseys carrying back a note secured by a deed of trust on the property. Among other things, the deposit receipt required Koehler to make a $60,000 down payment in two installments, $30,000 at close of escrow and $30,000 on September 15, 1980. The deposit receipt also stated, "Principle [sic] reductions of $30,000xx (thirty-thousand) to be made 12 months and 24 months from close of escrow. Balance to be due & payable 7 years from close of escrow."

The escrow instructions prepared by the title company differed from the terms of the deposit receipt. The instructions provided for "a principal payment of $30,000.00 due on or before September 15, 1980, and . . . an additional principal payment of $30,000.00 due between the end of the 12th month and the end of the 24th month after close of escrow."

Upon reviewing the escrow instructions, the Hulseys did not observe this change in language, which, as the trial court noted, "in effect meant that [they were] signing away one of the $30,000.00 principal reductions previously agreed to by the parties." Koehler did recognize the discrepancy but did not point it out to either the escrow officer or the Hulseys as they sat in the title company reviewing the documents.

The parties signed the instructions without modification and, when escrow closed on June 1, 1980, the title company prepared a promissory note consistent with the escrow instructions rather than the deposit receipt. The note was executed by Koehler and mailed to the Hulseys.

The Hulseys first discovered the disparity in terms when they reviewed the promissory note upon returning from vacation in September 1980. They immediately contacted the title company and requested an amended escrow instruction together with a new promissory note. These were prepared and forwarded to Koehler, who refused to sign them.

In October 1980, Koehler filed a lawsuit against the Hulseys, alleging that she was the victim of fraud and misrepresentation in the sale of the

mobilehome park. A jury returned a unanimous verdict in favor of the Hulseys.

Thereafter, when Koehler failed to pay the second $30,000 principal reduction, the Hulseys commenced this litigation. Following a trial without jury, the court found that, because of a mistake of fact, the note drafted by the title company failed to reflect the true intention of the parties. The court ordered reformation of the note to show that two principal reduction payments were due as provided in the deposit receipt. By stipulation, the declaratory relief action was referred to a referee for calculation of the amount Koehler owed under the reformed note. The trial court adopted the referee's findings and awarded the Hulseys a judgment in the amount of $97,528.48.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . .

### II

The following facts and procedural background are pertinent to Koehler's contention that the trial court erred in precluding her from raising section 426.30 as a defense:

As previously indicated, this action was preceded by a lawsuit filed by Koehler alleging fraud, misrepresentation, and breach of contract in the sale of the mobilehome park. Koehler asserted that the Hulseys and their realtor misrepresented both the amount of income generated by the park and its capacity for recreational vehicles and mobilehomes. The Hulseys cross-complained for intentional interference with business relations, alleging that Koehler interfered with the sale of two mobilehome units which the Hulseys maintained at the park. Although by then they were aware of the discrepancy between the deposit receipt and the promissory note, the Hulseys did not assert by cross-complaint a request for reformation of the note. Jury verdicts were entered for the Hulseys on Koehler's complaint and for Koehler on the Hulseys' cross-complaint.

When Koehler later failed to pay the second $30,000 principal reduction, the Hulseys commenced this litigation seeking declaratory relief,

---

* See footnote, *ante,* page 1150.

reformation, specific performance of the default provisions of the deed of trust, and appointment of a receiver. In her answer, Koehler asserted two affirmative defenses: failure to state a cause of action and full performance of the terms of the promissory note.

At trial, Koehler moved to amend her answer to conform to proof by asserting section 426.30 as an affirmative defense. Koehler's counsel explained that he did not raise section 426.30 earlier, because he first discovered it as a potential defense two days before trial while reading the deposition testimony of Mrs. Hulsey. At that time, he learned the Hulseys were aware of the discrepancy in the promissory note before they answered the complaint in the prior litigation and, therefore, should be barred from seeking reformation in this case, because they could have requested it by cross-complaint in the prior action. The trial court denied the motion to amend as untimely.

 Koehler contends that the trial court erred in not allowing her to raise section 426.30 as a defense because it need not be specially pleaded. Koehler likens this statutory defense to the doctrine of collateral estoppel, which requires no special pleading.

While we agree that a party is not required to specially allege collateral estoppel as a defense (*Dakins* v. *Board of Pension Commissioners* (1982) 134 Cal.App.3d 374, 387 [184 Cal.Rptr. 576]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1050, p. 466), contrary to Koehler's claim, the compulsory cross-complaint rule of section 426.30 is not an extension of this doctrine.

 Collateral estoppel precludes parties from litigating an issue previously determined in another cause of action between them or their privities. (*Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441, 445 [164 Cal.Rptr. 913]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, §§ 253-257, pp. 691-698.) As a prerequisite for asserting this doctrine, it must be shown that the issue was, in fact, litigated and decided in the prior action. (*Clark* v. *Lesher* (1956) 46 Cal.2d 874, 880 [299 P.2d 865]; 7 Witkin, *op. cit. supra*, § 253, p. 692.)

 Conversely, section 426.30 does not operate to bar issues previously litigated; rather, it applies to related causes of action which were *not* litigated in a prior action between the parties. Section 426.30, subdivision (a) provides, in pertinent part: "[I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." "Related cause

of action" is defined by section 426.10, subdivision (c), as "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint."

Since section 426.30 bars claims which the party failed to assert by cross-complaint in a previous action arising from the same occurrence, it necessarily bars issues which were never litigated and never actually decided. Thus, the scope and effect of section 426.30 is analogous to that of res judicata rather than collateral estoppel.

■ The doctrine of res judicata is intended to prevent multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration by precluding parties from relitigating issues they could have raised in a prior action concerning the same controversy. (*Panos v. Great Western Packing Co.* (1943) 21 Cal.2d 636, 637 [134 P.2d 242]; *Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 67-68 [241 Cal.Rptr. 578]; 7 Witkin, *op. cit. supra*, §§ 188, 190-192, pp. 621-627.) The most important criterion in determining that two suits concern the same controversy is whether they both arose from the same transactional nucleus of facts. (*Nakash, supra*, at p. 68.) If so, the judgment in the first action is deemed to adjudicate for purposes of the second action every matter which was urged, and every matter which might have been urged, in support of the cause of action or claim in litigation. (*Panos v. Great Western Packing Co., supra*, at p. 638.) In sum, res judicata precludes parties from splitting a cause of action into a series of suits in piecemeal litigation, since it operates as a bar not only when the grounds for recovery in the second action are identical to those pleaded in the first but also where a different theory or request for relief is asserted. (*Mattson v. City of Costa Mesa, supra*, 106 Cal.App.3d at p. 446; *McNulty v. Copp* (1954) 125 Cal.App.2d 697, 705 [271 P.2d 90].)

■ Section 426.30 serves the same purpose as the doctrine of res judicata by requiring the settlement in a single action of all conflicting claims between the parties arising from the same transaction. As Koehler recognizes, the public policy served by the enactment of section 426.30 is the law's abhorrence of a multiplicity of lawsuits.

We discern no difference between the operation of section 426.30 and the doctrine of res judicata. In fact, the California Supreme Court has recognized that the statutory predecessor to section 426.30 (§ 439) constituted a "special aspect of res judicata." (*Clark v. Lesher, supra*, 46 Cal.2d at pp. 881-882.) Just as a plaintiff cannot split a cause of action by failing to assert all claims against the defendant arising from a transaction, neither can a

defendant split a cause of action by failing to assert by cross-complaint all the claims against the plaintiff arising from the same transaction. (See *Brunswig Drug Co.* v. *Springer* (1942) 55 Cal.App.2d 444, 449-450 [130 P.2d 758].)

■ Unlike collateral estoppel, an objection based on the doctrine of res judicata must be specially pleaded or it is waived. (7 Witkin, *op. cit. supra,* § 198, pp. 636-637.) The reason for this distinction is that res judicata results in a complete defense whereas collateral estoppel "merely involves conclusive evidence of a fact in issue." (*Solari* v. *Atlas-Universal Service, Inc.* (1963) 215 Cal.App.2d 587, 592-593 [30 Cal.Rptr. 407].)

■ Likewise, as a statutory bar to splitting a cause of action, section 426.30 must be specially pleaded. It is well established that a rule against splitting of actions is for the benefit of the defendant and is waived by the failure to specifically plead the defense. (*Williams* v. *Krumsiek* (1952) 109 Cal.App.2d 456, 460 [241 P.2d 40]; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading § 36, p. 78.) In this regard, we find noteworthy the statement by the court in *Datta* v. *Staab* (1959) 173 Cal.App.2d 613, 619 [343 P.2d 977] that a defense based on the statutory predecessor to section 426.30 must be "seasonably and properly raised."[2]

The cases cited by Koehler—*Sylvester* v. *Soulsburg* (1967) 252 Cal.App.2d 185 [60 Cal.Rptr. 218] and *Saunders* v. *New Capital for Small Businesses, Inc.* (1964) 231 Cal.App.2d 324 [41 Cal.Rptr. 703]—do not compel a different conclusion. While the statutory predecessor to section 426.30 (§ 439) was described in each case as a form of "collateral estoppel," it was applied to preclude issues which had not been previously litigated. (*Sylvester, supra,* at p. 193; *Saunders, supra,* at pp. 332-333.) We find this merely displays a misapplication of terminology, since it is clear that the doctrine of collateral estoppel operates to bar only those issues which have been actually litigated and decided. Moreover, in each case section 439 was raised as a defense at the outset of the proceedings. (*Sylvester, supra,* at pp. 187-188, 193; *Saunders, supra,* at p. 327.)

Since we find that a defense based on section 426.30 must be specially pleaded, we reject Koehler's contention that her affirmative defense of failure to state facts sufficient to constitute a cause of action effectively incorporated the section 426.30 defense and was sufficient to raise it.

---

[2] While the court in *Datta* referred to the operation of the compulsory cross-complaint statute as an extension of collateral estoppel, we find this an error in terminology since the court applied it to bar issues not actually litigated. (*Id.,* at p. 620.)

## III

Lastly, we consider whether the trial court erred in denying Koehler's motion to amend her answer to assert section 426.30 as a defense.

Section 473 permits the trial court in its discretion to allow amendments to pleadings in the furtherance of justice. ■ Ordinarily, courts should "exercise liberality" in permitting amendments at any stage of the proceeding. (See, e.g., *Klopstock* v. *Superior Court* (1941) 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318]; *Permalab-Metalab Equipment Corp.* v. *Maryland Cas. Co.* (1972) 25 Cal.App.3d 465, 472 [102 Cal.Rptr. 26]; 5 Witkin, Cal. Procedure (3d. ed. 1985) Pleading, § 1121, p. 537.) In particular, liberality should be displayed in allowing amendments to answers, for a defendant denied leave to amend is permanently deprived of a defense. (*Gould* v. *Stafford* (1894) 101 Cal. 32, 34 [35 P. 429]; *Dunzweiler* v. *Superior Court* (1968) 267 Cal.App.2d 569, 576 [73 Cal.Rptr. 331]; *Hyman* v. *Tarplee* (1944) 64 Cal.App.2d 805, 813-814 [149 P.2d 453]; 5 Witkin, *op. cit. supra*, at p. 538.)

"[N]evertheless, whether such an amendment shall be allowed rests in the sound discretion of the trial court. [Citations.] And courts are much more critical of proposed amendments to answers when offered after long unexplained delay or on the eve of trial [citations], or where there is a lack of diligence, or there is prejudice to the other party (citations)." (*Permalab-Metalab Equipment Corp.* v. *Maryland Cas. Co., supra*, 25 Cal.App.3d at p. 472.)

■ Here, Koehler moved to amend at trial to conform to proof more than three years after she answered the Hulseys' amended complaint. Defense counsel's excuse for this delay was simply that he discovered section 426.30 as a potential defense only two days before trial while reading the transcript of Mrs. Hulsey's deposition. In denying the motion as untimely, the trial court impliedly found an unreasonable lack of diligence in the belated assertion of this defense. Moreover, the trial court noted that the delay had prejudiced the Hulseys: "I think that's particularly true in this case, wherein we have an attorney's fee provision. [¶] And I think the plaintiff has a right to know his risk and weighs his exposure prior to trial. And I think very arguably prior to trial preparation. But certainly prior to the time that he puts on his evidence."

On the facts before it, the trial court did not abuse its discretion in denying the motion to amend.[3]

---

[3] In view of this holding, we need not address the other contentions raised by the parties.

## DISPOSITION

The judgment is affirmed.

Evans, Acting P. J., and Marler, J., concurred.