Filed 3/3/22  Marriage of Talebi and Sarvari CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of FARHAD TALEBI and AREZOO SARVARI. | |
| FARHAD TALEBI,<br><br>    Respondent,<br><br>        v.<br><br>AREZOO SARVARI,<br><br>    Appellant. | G059168<br><br>(Super. Ct. No. 16D002615)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Nathan T. Vu, Judge.  Affirmed.

Arezoo Savari, in pro. per.; and Holstrom, Block & Parke and Ronald B. Funk for Appellant.

The Appellate Law Firm and Berangere Allen-Blaine for Respondent.

Appellant Arezoo Sarvari appeals from a judgment dissolving her marriage to Respondent Farhad Talebi, arguing the trial court erred by refusing to consider her evidence on the parties' date of separation, and by setting the amount of spousal support to zero. We conclude the trial court did not abuse its discretion by relying on appellant's verified response to fix the parties' date of separation, or by setting the amount of appellant's spousal support at zero based on findings that appellant failed to testify credibly about her current earning capacity and income. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Appellant and respondent were married on July 1, 1995. In 2016, respondent filed a petition for dissolution of the marriage, which specified January 1, 2015, as the date of separation. Appellant's response, verified under penalty of perjury, agreed with respondent's petition that the date of separation was January 1, 2015. This information is gleaned from the briefs of the parties, the reporter's transcript, and the trial court's judgment of dissolution, as neither the response nor the petition themselves are included in the record.

During the pendency of the case, respondent sought discovery from appellant regarding various aspects of her finances, apparently including documents relating to a mortgage obtained by appellant for her home in Canada. Appellant failed to respond sufficiently to these requests, despite twice being ordered to do so, was twice sanctioned, and ultimately did not produce documents relating to this mortgage.[1]

On the first day of trial, appellant (who at that point was self-represented) took the position that the date of separation was September 2016, not January 1, 2015. The trial court asked appellant whether she had filed a document taking that position

---

[1] This information is largely gleaned from the briefs, the reporter's transcript, the trial court's judgment, and a minute order on one of respondent's motions for sanctions, as the discovery motions themselves are not included in the record.

2

before trial commenced; appellant contended she had.  The trial court allowed appellant until the next day of trial to produce that document.  The next day, appellant presented the court with her witness list, along with an attached untitled document dated one week earlier containing the assertion that the parties' date of separation was "on September, 2016[,] [w]hen he moved out and file[d] for divorce."  The court indicated on the record that, while the one-page witness list had been filed, the attached untitled document had not, and was not in the court's file.  The court concluded appellant had not filed anything with the court asserting a date of separation other than January 1, 2015, took judicial notice of appellant's response, which indicated a date of separation of January 1, 2015, and found that the parties' date of separation was January 1, 2015.

The court also heard extensive testimony on issues relating to child and spousal support.  During that testimony, respondent introduced appellant's income and expense declarations into evidence to impeach appellant's testimony regarding her lack of income.  These income and expense declarations, prepared at various intervals over a period of approximately nine months, showed appellant's income as consisting solely of the $1,435 per month in spousal support from respondent; her expenses ranged from $4,715 per month to $4,853 per month.  Meanwhile, appellant's assets remained the same, and she took on no significant additional debt.

At the conclusion of the trial, the court took the case under submission.  The court thereafter entered a judgment which resolved several of these issues against appellant.  The court found appellant not credible with regard to "her current earning capacity and current income," based on her evasive trial testimony, the unexplained discrepancies in her income and expense declarations, her ability to purchase a $500,000 home in 2018 despite claiming to have been unemployed since 2016, and her refusal to produce financial documents in discovery.  Based on these factors, the court found appellant had an undisclosed source of income rendering her self-sufficient.  The court also found appellant had unclean hands.  Accordingly, the court set spousal support at $0

3

for a period of at least 18 months and required appellant to show materially changed circumstances thereafter to obtain any change in the amount of spousal support.

On the issue of the date of separation, the trial court found that the appropriate date was January 1, 2015, based upon the agreement of the parties' verified pleadings and appellant's failure to produce any document in which she had asserted a different date of separation. The trial court observed that appellant "provide[d] no explanation how her newly-claimed date of separation could have fallen months *after* [respondent] filed the Petition for Dissolution and [appellant] filed her Response." Appellant timely appealed.

DISCUSSION

1. *Date of Separation*

Appellant contends the trial court denied appellant a hearing on the issue of date of separation. Appellant takes the position that there is no applicable law or rule that requires a party to identify all disputed or material issues prior to trial or else waive them. In support of this contention, appellant points to *In re Marriage of Umphrey* (1990) 218 Cal.App.3d 647, 657 (*Umphrey*).

In *Umphrey*, the parties entered a marital settlement agreement dissolving their marriage. (*Umphrey*, *supra*, 218 Cal.App.3d at p. 653.) In the settlement agreement, the parties confirmed certain property as belonging to each spouse and agreed that the husband would pay the wife spousal support. (*Ibid.*) Additionally, the settlement agreement specified a date of separation of "September, 1979." (*Ibid.*) The agreement was approved by the court and incorporated into a final judgment of dissolution. (*Id.* at p. 654.) Approximately a year later, the wife moved to set aside the settlement agreement based on extrinsic fraud arising from the husband's failure to disclose certain community property assets, specifically a leasehold obtained in September of 1979. (*Ibid.*) The

4

husband argued the date of separation was, in fact, much earlier than September of 1979, while the wife argued the date was much later. (*Ibid.*) The trial court concluded it was bound by the parties' agreement on the date of separation, and accordingly granted the wife's motion to set aside the agreement. (*Ibid.*) The court of appeal reversed, concluding the trial court was not bound, whether as a jurisdictional matter or via estoppel. (*Id.* at pp. 656-659.)

*Umphrey*, however, is procedurally distinct from the present case. Unlike *Umphrey*, which involved a motion for relief from a judgment based on fraud, this case involves, in essence, a request at trial to amend a pleading. The trial court in this case did not conclude it was bound, either jurisdictionally or via estoppel, to the date of separation set forth in the pleadings, but instead concluded appellant had waived the issue by failing to raise it in a timely fashion, and exercised its discretion to keep appellant from amending her response at that late date.

Appellant's verified response to the marital dissolution petition is the family court equivalent of a verified answer. Under the Family Code, "[e]xcept to the extent that any other statute or rules adopted by the Judicial Council provide applicable rules, the rules of practice and procedure applicable to civil actions generally, including the provisions of Title 3a (commencing with Section 391) of Part 2 of the Code of Civil Procedure, apply to, and constitute the rules of practice and procedure in, proceedings under this code." (Fam. Code, § 210.) Further, in marital dissolution actions, "Amendments to pleadings, amended pleadings, and supplemental pleadings may be served and filed in conformity with the provisions of law applicable to such matters in civil actions generally . . . ." (Cal. Rules of Court, rule 5.74(c)(1).)

Accordingly, we apply the normal rules applicable to requests to amend an answer, and we review the trial court's decision on such requests for abuse of discretion. (*Hulsey v. Koehler* (1990) 218 Cal.App.3d 1150, 1159.) "Ordinarily, courts should 'exercise liberality' in permitting amendments at any stage of the proceeding.

[Citations.] In particular, liberality should be displayed in allowing amendments to answers, for a defendant denied leave to amend is permanently deprived of a defense. [Citations.] [¶] '[N]evertheless, whether such an amendment shall be allowed rests in the sound discretion of the trial court. [Citations.] And courts are much more critical of proposed amendments to answers when offered after long unexplained delay or on the eve of trial [citations], or where there is a lack of diligence, or there is prejudice to the other party [citations].'" (*Ibid.*)

Here, appellant sought to amend her response to the petition: after long unexplained delay (more than three years passed between appellant's filing of her response and the trial); not just on the eve of trial, but *during* trial itself; without any showing of diligence; and disregarding the obvious prejudice to respondent resulting from inability to prepare evidence on the issue for trial. Appellant argues she preserved the issue or gave notice to respondent by submitting a letter from her former attorney to the court in connection with one of the discovery motions discussed above. In the letter, while describing certain documents included with the letter, the attorney wrote "[t]here is a dispute as to the date of separation."

There is no evidence the trial court was made aware of this document at the time of trial in connection with this issue, even though the court gave appellant a full day to locate and produce it. In any event, at most this document weakly rebuts the inference that respondent was prejudiced by appellant's unexplained delay in amending her response. It does not demonstrate an abuse of discretion by the court.

## 2. *Spousal Support*

Appellant also argues the trial court erred by setting spousal support at $0. In support of this argument, appellant claims that: (1) no substantial evidence supports the court's finding that appellant was self-sufficient; (2) the court's finding of unclean hands was insufficiently specific because it did not identify the particular documents

appellant withheld; and (3) the portion of the order controlling duration is ambiguous. The court did not err.

We review spousal support awards for abuse of discretion. (*In re Marriage of Williamson* (2014) 226 Cal.App.4th 1303, 1312.) "In exercising its discretion, however, 'a trial court must "follow established legal principles and base its findings on substantial evidence."'" (*In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 590.) Thus, because appellant specifically challenges the trial court's finding of appellant's self-sufficiency, we apply the substantial evidence standard.

The trial court's finding of appellant's self-sufficiency is supported by substantial evidence. As discussed above, and as the court explained, the income and expense declarations submitted to the court by appellant showed expenses substantially exceeding her income, but no reduction over time in her assets. Moreover, appellant's admitted ability to obtain a mortgage and purchase a home in 2018 despite purportedly being unemployed since January 2016 also supports the court's conclusion.

The trial court also specifically found appellant not to be credible on these issues, and characterized her testimony as "evasive." In her brief, appellant quotes various portions of her testimony and contends she was not evasive. However, "[t]he fact finder's determination of the veracity of a witness is final. [Citation.] Credibility determinations thus are subject to extremely deferential review." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.) Appellant's challenge to the court's credibility determination fails to meet this extremely deferential standard.

The trial court's finding of unclean hands is also sufficient. We review such findings for abuse of discretion. (*Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102, 1109.) Appellant argues the court based its finding on the incorrect statement that "[appellant] also refused to provide any documents regarding her financial circumstances in discovery to [respondent]." Appellant points out that the court's ruling on respondent's discovery motion acknowledges that appellant produced some (though not

7

all) responsive documents.[2]  However, the court's arguably imprecise language on this point is not enough to demonstrate an abuse of discretion.  Appellant's failure to produce significant financial documents in discovery is a sufficient basis for a finding of unclean hands.

Finally, appellant argues the language of the judgment is ambiguous because it "may be interpreted as a nonmodifiable order."  However, the trial court's language is unambiguous:  the permanent spousal support order is expressly made modifiable "upon a showing of materially changed circumstances and that [appellant] is no longer coming to the Court with unclean hands."  The order also includes an 18-month period during which the order is nonmodifiable, but appellant does not appear to challenge that period, and in any event, that time period has expired.

---

[2]  Precisely which documents appellant produced or did not produce is not clear from the record, which, as discussed above, does not contain the underlying discovery motions. "'It is the duty of an appellant to provide an adequate record to the court establishing error.  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]'" (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  Appellant's failure to provide an adequate record of the discovery issues makes it impossible for us to determine whether the trial court erred in concluding her production of documents was inadequate or in drawing inferences from her failure to produce documents.

DISPOSITION

The judgment is affirmed.   Respondent shall recover his costs on this appeal.


ZELON, J.*

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.